**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
(INDIANAPOLIS DIVISION)**

|  |  |  |
|---|---|---|
| COACH, INC. and COACH SERVICES, INC., | : | |
| Plaintiffs, | : | |
| - against - | : | **Case No. 1:11-cv-0505-JMS-DML** |
| CHAOS OF MUNCIE, CHAOS ON CAMPUS, LLC and TERESA BARNES, | : | |
| Defendants. | : | |

**ORDER GRANTING PARTIAL SUMMARY JUDGMENT FOR PLAINTIFFS
ON THE ISSUE OF LIABILITY (COUNTS I, II AND VII)**

Plaintiffs, by counsel, submitted their motion for partial summary judgment (hereafter, "Motion"), with respect to liability in connection with Counts I, II and VII of Plaintiffs' Complaint against Defendant Teresa Barnes. (All other Defendants in the case had previously defaulted for failure to timely answer the Complaint or otherwise appear in the case through counsel.) As set forth below, Plaintiffs' Motion is hereby GRANTED.

Local Rule 7.1(b) states that "[f]ailure to file a response or reply within the time prescribed may subject [a] motion to summary ruling." Defendant Teresa Barnes had until no later than March 9, 2012, to file her opposition to Plaintiffs' Motion, which was filed on February 7, 2012. *See* Local Rule 56-1; Fed. R. Civ. P. 6(d). No opposition having been filed by her, Plaintiffs' Motion is now subject to summary ruling.

The Court also notes that Plaintiffs complied with Local Rule 56-1(k) with regard to providing adequate notice to the *pro se* Defendant in connection with her rights and obligations related to summary judgment procedure. Defendant is not relieved of her obligation to comply with the Rules of this Court by her *pro se* status, and the Court finds that Defendant had sufficient notice of her obligations to respond to Plaintiff's Motion.

In granting Plaintiffs' Motion, the Court finds as follows, based upon the undisputed facts established by Plaintiffs' designated record evidence which is all hereby held to be admissible:

### A. Coach's Marks

Some of the most well known and recognized Coach-owned and Coach-registered marks are the COACH OP ART Design, COACH LEATHERWARE EST. 1941 Design and COACH EST. 1941 Stylized Mark ("Coach Designs"), depicted below, in order:

  

Coach has expended substantial time, money, and other resources in developing, advertising and otherwise promoting its marks, including the above Coach Designs. Moreover, Coach has achieved sales volumes of over three billion dollars annually from goods bearing its proprietary marks, including the Coach Designs. As such, the Coach Designs and the goodwill associated therewith are valuable assets of Coach.

Due to Coach's long use, extensive sales, and significant advertising and promotional activities, the Coach Design has achieved widespread acceptance and recognition among the consuming public and the trade throughout the United States. The arbitrary and distinctive Coach Designs and other Coach marks serve to identify Coach as the source and origin of the goods on which they appear.

### B.  Defendants' Infringing Activity Related To The Coach Marks

Defendant Teresa Barnes introduced into the stream of commerce and to the consuming public certain handbags, wallets and related accessory "knock-off" products bearing marks confusingly similar to Coach's federally registered trademarks, including the Coach Designs, and in connection with such products there is an inherent likelihood of confusion with Coach's authentic goods and family of trademarks associated therewith.[1]

Specifically, Defendant operated at all relevant times a retail store called "Chaos" or "Chaos of Muncie" located at 1809 West University, Muncie, Indiana 47303.  Chaos of Muncie was the store name, operating through Chaos on Campus, LLC, which is owned by single-member Defendant Teresa Barnes.  Chaos sold merchandise and related accessories, including "knockoff" products of Coach, on a retail basis.  Specifically, in at least February 2011, Defendants offered for sale at least 55 items bearing Coach trademarks, including 10 pairs of flip flops, 18 handbags, 18 wallets and 9 pairs of sunglasses, all from the Chaos of Muncie store.

Defendant Barnes supervised, trained and directed all employees at the store, and had sole decision making authority with respect to which products she purchased for sale at her store.  Defendant Barnes alone received and controlled revenue from sale activity at the store.  Defendant admits that she purchased Coach "knockoff" merchandise from a fairground vendor in the fall of 2010.  Defendant admits that she knew that she was purchasing Coach "knockoff"

---

[1] This Court previously made such a finding, implicitly, against the other defendants in this action.  *See* Docket Document Nos. 15 & 16.  "A default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff for each cause of action in the complaint." *Coach, Inc. v. Tom's Treasure Chest*, 2011 WL 4399355 at *2 (N.D. Ind. Sept. 21, 2011) (finding assertions of Complaint "taken as true" in determining willful infringement of selling of knock-off handbags containing Coach marks) (citing *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993)).  "When a court determines that a defendant is in default, all well-pleaded allegations in the complaint will be taken as true." *Id*. (citing *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994)).

merchandise, and did so to sell the same at its Muncie store. Defendant admits that she offered for sale said Coach "knockoff" merchandise to potential customers in her Muncie store.

After inspecting an exemplar infringing product obtained from the Chaos of Muncie store in February 2011, Coach concluded that the product in question infringed upon at least Coach's famous Coach Leatherware Est. 1941 Design and Coach Op Art Design, as well as Coach's Est. 1941 Stylized Design. The marks on the item in question are in fact substantially indistinguishable from the Coach Leatherware Est. 1941 Design, Coach Est. 1941 Stylized Design and Coach Op Art Design, and are arranged in such a way as to mimic the manner in which such Coach marks appears on Coach's genuine products. *See* Perez Decl., para. 17.

Based on these undisputed material facts, all supported by Plaintiffs' designated evidence submitted with their Motion, there is no genuine issue as to Defendant's liability for trademark infringement and counterfeiting, for the specific reasons which are more fully set forth below.

### C. Standard of Review For A Summary Judgment Motion

The summary judgment procedure is well established under FED. R. CIV. P. 56(c), and case law interpreting and applying that Rule. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). No genuine issue for trial exists "where the record as a whole could not lead a rational trier of fact to find for the nonmoving party." *Juarez v. Ameritech Mobile Communications, Inc.*, 957 F.2d 317, 322 (7th

Cir.1992) (quoting *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

The admissible record here consists of a declaration, an affidavit and its exhibit, and deposition excerpts, all timely submitted by Plaintiffs with their Motion. *See* Docket Doc. # 21.

### D. <u>Defendant's Liability For Trademark Infringement and Trademark Counterfeiting (Counts I, II and VII)</u>

In order to succeed on a trademark infringement claim, a plaintiff must establish: 1) that its mark is protectable, and 2) the defendant's use of the mark is likely to cause confusion among consumers. *See Packman v. Chicago Tribune Co.*, 267 F.3d 628, 638 (7th Cir. 2001); 15 U.S.C. §§ 1114. "The question as to likelihood of confusion 'is a question of law.'" *James Burrough Limited v. Lesher*, 309 F. Supp. 1154, 1158 (D.C. Ind. 1969) (quoting *Westward Coach Mfg. Co. v. Ford Motor Co.*, 388 F.2d 627, 632 (7th Cir. 1968)).

#### 1. Ownership and Validity of the Coach Marks

Coach has federal registrations for all of its Coach marks which it seeks to protect in this matter. Registration of the Coach Marks constitutes *prima facie* evidence of their validity, of their ownership by Coach, and of Coach's exclusive right to use the Coach Marks in connection with the goods identified thereby.

#### 2. Likelihood of Confusion Can Be Found As a Matter of Law Given Defendant's Intent to Copy and Offer For Sale "Knock-off" Coach Products.

Here, Defendant outright admits that she knowingly and purposely purchased copied or "knockoff" merchandise of Coach. Based on Defendant's intentional conduct, it is undeniable that a likelihood of confusion exists as a matter of law.

Based on the above undisputed facts, it is unnecessary to complete a full application of the applicable multi-factor digits of confusion test. Defendant is liable for Plaintiffs' trademark infringement claims as a matter of law.

### 3. Defendants' Intentional Conduct Also Constitutes Counterfeiting.

To establish counterfeiting, and thus allowing for enhanced damages and attorneys' fees, a plaintiff must establish the following four elements:

(1) the mark must be counterfeit, meaning a "spurious mark which is identical with, or substantially indistinguishable from, a registered mark", 15 U.S.C. § 1127, 15 U.S.C. § 1116(d)(1)(B)(i);

(2) the mark must be registered with the U.S. Patent and Trademark Office's principal register for use on the same goods or services for which the defendants use the mark, 15 U.S.C. § 1116(d)(1)(B);

(3) the defendants' must not have been authorized to use the mark at the time the goods or services were manufactured or produced, *id*.; and

(4) the defendants must have acted with knowledge and intent. *Id*. at §1117(b)

As to the first factor, the marks that appear on Defendant's products are, in Defendant's own words, "knock-off" Coach products, and as such contain marks which are substantially indistinguishable from Coach's federally registered marks.

As to the second factor for assessing counterfeit activity, Coach has demonstrated that its Coach Marks are federally registered.

As to the third factor, Defendant was not authorized by Coach to manufacture, sell or offer for sale products bearing the Coach Designs or marks which are nearly identical to the Coach Designs. Defendant was not a licensee of Coach or in any other manner licensed to import, sell, distribute, or manufacture any merchandise bearing the Coach Designs.

As to the fourth factor, Plaintiffs have demonstrated that Defendant acted with knowledge and intent.[2]

Based on the above, Defendant's selling of knockoff Coach products constitutes counterfeiting as a matter of law.

### 4. Defendant's Products Bear Marks Identical and/or Substantially Indistinguishable from the Coach Marks

Notwithstanding the above conclusions, a traditional analysis of the factors in the digits of confusion test applicable within the Seventh Circuit also warrants summary judgment in favor of Coach. After weighing all of the applicable factors, there is no genuine dispute that there is a likelihood of confusion in this case. Thus, there is no question that summary judgment on the issue of liability should be granted in favor of Coach.

### 5. Defendant's Individual Liability

A corporate officer, director or shareholder is, as a general matter, personally liable for all torts which she authorizes or directs or in which she participates, even if she acted as an agent of the corporation and not on her own behalf. *See, e.g.*, *A&M Records, Inc., et al. v. M.V.C. Distributing Corp., et al.*, 574 F.2d 312, 315 (6th Cir. 1985) ("It is well established that a corporate officer or agent is personally liable for torts committed by him even though he was acting for the benefit of the corporation. . . . Various courts have imposed personal liability on corporate officers involved in record piracy similar to that involved in the present case.") (internal citations omitted); *In re Interstate Agency, Inc.*, 760 F.2d 121, 125 (6th Cir. 1978) ("It is clear . . . that a corporate officer is personally liable for the tortuous injury committed by [him]

---

[2] The Court also notes that, with respect to the other defendants, being in default for failure to defend a trademark infringement case creates an inference of willfulness. *See, e.g.*, *Coach v. Cellular Planet*, 2010 WL 2572113 at *2 (S.D. Ohio June 22, 2010) ("A court may infer that a defendant's infringement is willful from the defendant's failure to defend.") (citing *Arista Records, Inc. v. Beker Enter., Inc.*, 298 F.Supp.2d 1310, 1313 (S.D. Fla. 2003)).

regardless of a piercing of the corporate veil."). Specifically, an officer of a corporation can be personally liable for trademark infringement if the officer is a moving, active conscious force behind the defendant corporation's infringement. *See, e.g.*, *Bambu Sales, Inc. v. Sultana Crackers, Inc.*, 683 F.Supp. 899, 913-14 (E.D.N.Y.1988) (trademark infringement); *Playboy Enterprises, Inc. v. Starware Publishing Corp.*, 900 F.Supp. 438, 441-42 (S.D.Fla.1995) (copyright infringement); *Babbit Electronics, Inc. v. Dynascan Corp.*, 828 F.Supp. 944 (S.D.Fla.1993), *aff'd* 38 F.3d 1161 (11th Cir.1994) (holding "a corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing the corporate veil).

    Defendant here at all relevant times was the sole member and owner of her Chaos of Muncie store and the Chaos on Campus, LLC (both of which are already in default and thus already deemed liable for trademark infringement and counterfeiting). She was personally involved with and totally responsible for the operation of the store including for selecting and purchasing merchandise for sale at the store. She directed all employees of the store. She knew and was involved in what was happening at her store with regard to the displaying and selling of counterfeit Coach products. Moreover, all profit from such activity went to her. Thus, Defendant Teresa Barnes is personally liable for trademark infringement and counterfeiting, as she was the active, moving, conscious force behind Defendants infringing activities.

## CONCLUSION

    This Court grants partial summary judgment in favor of Plaintiffs and against Defendant on the issue of Defendant's liability for trademark infringement and counterfeiting (Counts I, II, and VII of Plaintiffs' Complaint). Plaintiffs are hereby given leave to withdraw the remaining

counts of their Complaint (for which damages would be duplicative if Plaintiffs receive adequate remedies, including damages, for Counts I, II and VII), so that this action can proceed to the next phase for resolution by the Court, i.e., determination of Plaintiffs' damages in connection with Defendant Teresa Barnes' liability under Counts I, II and VII (and the other defendants' liability under all counts of Plaintiffs' Complaint). Plaintiffs are granted 14 days to submit their proof (in the form of admissible evidence) supporting their claim for damages and any other relief in this action. Defendants will have 14 days to oppose the written submission, and or show cause why an evidentiary hearing is necessary.

IT IS SO ORDERED

03/15/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Alejandro Valle, Counsel for Plaintiffs
GONZALEZ SAGGIO & HARLAN LLP
135 N. Pennsylvania Street, Suite 1740
Indianapolis, Indiana 46204
Email: vallea@gshllp.com

Teresa Barnes, *pro se*
12684 Avocet Drive
Carmel, IN 46033